**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LEE JONES,** | ) | **CASE NO. 1:23CV01866** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **HAROLD MAY, Warden,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Respondent.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court on Petitioner Lee Jones's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. (ECF #1). For the following reasons, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF # 10) and **DISMISSES** the Petition as untimely.

## I. BACKGROUND

The following is a procedural synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated herein, provides a more complete and detailed discussion. (*Id.*).

On August 2, 2016, the Cuyahoga County Grand Jury issued an indictment charging Petitioner with six counts of Rape (O.R.C.§ 2907.02(A)(2)) (Counts 1-4, 8-9), one count of Attempted Rape (O.R.C. § 2923.02/2907.02(A)(2)) (Count 5), one count of Gross Sexual Imposition (O.R.C. § 2907.05(A)(1)) (Count 6) and two counts of kidnapping (O.R.C. §

2905.01(A)(4)) (Counts 7, 10). Each count carried a Sexually Violent Predator Specification pursuant to O.R.C. § 2941.148(A) and the Kidnapping counts carried Sexual Motivation Specifications pursuant to O.R.C. § 2941.147(A). (*Id.* pg. 3). Petitioner pled not guilty. (*Id.*)

On February 27, 2017, Petitioner changed his plea and pled guilty to Rape as amended in Counts 4 and 9 of the indictment.[1] (*Id.*). The trial court accepted Petitioner's guilty plea and nolled Counts 1, 2, 3, 5, 6, 7, 8 and 10. (*Id.*). On April 18, 2017, the trial court sentenced Petitioner to three years in prison on each count, to be served concurrently and consecutively to the prison sentence he was already serving. (*Id.*).

On May 19, 2017, Petitioner filed a timely notice of appeal and memorandum in support, raising the assignment of error that the trial court failed to make the necessary findings to impose consecutive sentences. (*Id.* pg. 4). On March 8, 2018, the Eighth District Court of Appeals remanded for the limited purpose of incorporating the consecutive sentence findings made at sentencing into the trial court's sentencing journal entry. (*Id.*). Petitioner did not appeal this decision. (*Id.*).

On June 1, 2021, Petitioner filed a pro se Motion to Vacate Void Judgment and Sentence in the trial court. (*Id.*). Petitioner requested the court vacate his judgment of conviction and sentence because a supplemental response to request for discovery that the state served on Petitioner's former counsel on March 25, 2021, purportedly showed Petitioner was "not guilty" of committing the rapes underlying his 2017 convictions. (*Id.*). The trial court denied the motion. Petitioner appealed raising two assignments of error: Trial Court Abused its Discretion When Denying the Motion and the Trial Court Erred When Denying the Motion Without Conducting an Evidentiary Hearing. (*Id.* pg. 5). The Eighth District Ohio Court of Appeals

---

[1] Counts 4 and 9 were amended to remove the Sexually Violent Predator specifications. (ECF # 10 pg. 3).

affirmed the judgment of the trial court. Petitioner appealed this decision to the Supreme Court of Ohio, raising the same assignments of error and the Supreme Court of Ohio declined to accept jurisdiction. (*Id.* pg. 5).

Petitioner's instant Petition asserts two grounds for relief:

> **Ground One**: Petitioner was denied his constitutional and due process rights by the trial court's imposition of a Void Judgment and Sentence.
>
> **Ground Two**: Petitioner was denied his constitutional and due process rights by the trial court's imposition of a Void Judgment and Sentence without an evidentiary hearing on the evidence presented herein.

(ECF #1).

## II. Standard of Review

### A. AEDPA

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. The relevant provisions of the AEDPA state:

> (d)(1) A [one]-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

**B. 28 U.S.C. § 636(b)(1)(C)**

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See also Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party."); Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

A party's failure to do so could result in the loss of appellate rights. *Andres v. Comm'r of Soc. Sec.,* 733 Fed. App'x 241, 244 (6th Cir. Apr. 30, 2018). And overly general objections do not satisfy the specific-objection requirement. *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007). Neither does the regurgitation of the same merit brief before the magistrate judge constitute a sufficient objection. *Andres*, 733 Fed. App'x at 243.

## III. ANALYSIS

The Magistrate Judge declined to reach the merits of Petitioner's claims after finding the Petition barred by the statute of limitations. (ECF #10). Petitioner objects to the Magistrate Judge's findings that the Petition is "untimely" and "not cognizable on federal Habeas corpus review pursuant to 28 U.S.C. § 2254." (ECF #11 pg. 3). Petitioner's objection to Ground One argues: "The Magistrate Judge, with great emphasis on the fact that Petitioner's Ground One claim is not cognizable on federal habeas corpus review, as Petitioner's Ground One argument presents no federal issue at all and thereby issue one is predicated on state laws and statutes." (*Id.* pg. 4). As to Ground Two, Petitioner relies on the same assertion, while adding Ground Two is, "ripe to be reviewed, corrected and addressed, especially considering Petitioner's actual innocence claim." (*Id.* pg. 9).

As an initial matter, the bulk of Petitioner's fifteen-page objection restates legal standards without identifying any specific factual or legal error in the Magistrate Judge's applications. Petitioner's central objection claims the precedents in *Schlup, House* and *Cleveland*, "mandate a substantive review where compelling new evidence of actual innocence is presented." However, Petitioner does not specifically object to the Magistrate Judge's rejection of actual innocence as a basis for equitable tolling or gateway relief, nor does he meaningfully dispute the Magistrate Judge's timeliness calculations under § 2244(d)(1)(A) and (D). Instead, Petitioner's contention misapprehends the function of the actual innocence gateway and in any event, fails on the merits of the gateway inquiry itself. This alone would justify considering the objection as waived. Notwithstanding these deficiencies, the Court addresses Petitioner's arguments.

Petitioner's conviction became final on April 23, 2018 and the limitations period under § 2244(d)(1)(A) expired on April 23, 2019. (*Id.* pg. 11-12). Even affording Petitioner the benefit of the later trigger date under § 2244(d)(1)(D) (March 25, 2021, the date the supplemental DNA disclosure was served) and the full statutory tolling under § 2244(d)(2) during the pendency of the state court motion to vacate, the limitations period expired July 8, 2023. (*Id*. pg. 13). Petitioner does not specifically dispute the timeliness finding, outside of an acknowledgement that the Magistrate Juge found the Petition to be "untimely." (ECF #11 pg. 3). The Court adopts the Magistrate Judge's timeliness analysis and turns to Petitioner's actual innocence claim.

The Supreme Court in *McQuiggin v. Perkins*, 569 U.S. 383 (2013) held that a credible showing of actual innocence can overcome AEDPA's limitations bar, but the showing required is the same "demanding" standard articulated in *Schlup*: a petitioner must demonstrate that in light of all of the evidence – old and new – "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 329 (1995); *House v. Bell*, 547 U.S. 518, 538 (2006) (this standard is "demanding" and "rarely met"). Petitioner's objection does not identify any error in the application of either of these standards.

Petitioner further relies on *Cleveland v. Bradshaw*, where the Sixth Circuit found a credible actual innocence showing where the new evidence undermined the *sole* evidentiary basis for the conviction. *Cleveland v. Bradshaw*, 693 F.3d 626 (6th Cir. 2012). Unlike *Cleveland*, Petitioner's case is not one where the new evidence eliminates the only evidence of guilt, rather, the new evidence of uncertain relevance sits alongside unchallenged, independent evidence of guilt. Here, Petitioner pled guilty to Count Four and Count Nine, both of which were independently supported by forensic evidence matching Petitioner himself. (ECF #10 pg. 16).

Notably, Petitioner has yet to identify which count the new evidence concerns, a deficiency previously discussed by both the Ohio Court of Appeals and the Magistrate Judge. (ECF # 10 pg. 15). Petitioner's objection merely claims: "Petitioner Lee Jones had no knowledge of who was the actual perpetrator of the rape in this case until the supplementary discovery report was served upon defense counsel," and "supporting DNA evidence that points to another individual who actually rape[sic] the victim in this case, Petitioner Jones now seeks justice and vindication from this crime herein in the interest of law and justice." (ECF # 11 pg. 5).

It is unclear how the new DNA report shows that it is more likely than not that no reasonable juror would have convicted him on either count. *See Schlup*, 513 U.S. at 319; (ECF # 10 pg. 18). As to Count Four, concerning the victim R.D., the prosecutor said the victim was punched, dragged into a house, raped, R.D. got ahold of her attacker's knife, cut him and escaped from the house. (*Id*.). Petitioner not only acknowledged R.D. "sliced him up," cutting him on his face, neck, chest and head, but his DNA was found on the knife found at the scene and a sexual assault kit. (*Id*.). Petitioner denied intercourse with R.D. but did not dispute the physical altercation, claiming the DNA found would have been from his blood. (*Id*.). As to Count Nine, concerning the victim S.J., Petitioner admitted consensual sexual contact with her on the date in question, the date of his arrest. As discussed by the Magistrate Judge, the 2021 supplemental disclosure does not disturb either of these DNA matches. At most, the supplemental DNA disclosure reflects a "preliminary association" between an unrelated specimen and another individual, with any further connection expressly left to "further investigation."

Petitioner's conclusory invocation of actual innocence does not compel a different result without satisfying the *Schlup* or *McQuiggen* standards.

## IV. Conclusion

To the extent that Petitioner did not object to the Magistrate Judge's Report and Recommendation, Petitioner waived his right to a de novo review by filing an objection that does not specifically address the Magistrate Judge's findings. The Court has reviewed the R&R and the record for clear error and found none. Petitioner's objection is **Waived** and the Court **Accepts** and **Adopts** the R&R.

Accordingly, the Petition is **Dismissed**. The Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

**s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: September 28, 2026**